UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROMERO MENDOZA, on Behalf of Himself and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>V.<br><br>KBR TECHNICAL SERVICES, INC.,<br><br>     Defendant. | §<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. : 4:23-cv-1652<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION & JURY DEMAND**

1.  Defendant KBR Technical Services, Inc. ("Defendant") required Plaintiff Romero Mendoza ("Plaintiff") to work more than forty hours in a workweek without overtime compensation. Defendant misclassified Plaintiff and other similarly situated workers throughout the United States as exempt from overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2.  Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "FLSA Class Members."

**SUBJECT MATTER JURISDICTION AND VENUE**

3.  This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District because a Defendant does a significant portion of its business in this District and many of the wrongs herein alleged occurred in this District.

5. Defendant is headquartered in Harris County, Texas.

## PARTIES AND PERSONAL JURISDICTION

6. Plaintiff Martin is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit A. Plaintiff performed work for Defendant within the last three years for which he did not receive the FLSA's required overtime.

7. The FLSA Class Members are all current and former Instrument Specialists or Technicians, and all employees in substantially similar positions, that worked at any time during the three-year period before the filing of this Complaint.

8. Defendant KBR Technical Services, Inc. is a for corporation organized under the laws of Delaware and headquartered in Houston, Texas. Defendant may be served process through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## COVERAGE

9. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

10. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

11. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

12. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

13. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

## FACTS

14. Defendant KBR Technical Services, Inc. is a subsidiary of KBR, Inc.

15. Amongst other offerings, Defendant provides commissioning and inspection services to pipeline companies, refineries, and compression stations.

16. Defendant operates throughout the United States.

17. Plaintiff worked for Defendant as an Instrument Specialist and Instrument Technician from approximately July of 2021 to November of 2022.

18. Defendant assigned Plaintiff to work at the LyondellBasell propylene oxide ("PO") and tertiary butyl ("TBA") plant in Channelview Texas.

19. During Plaintiff's tenure at the PO/TBA plant, he was responsible for performing inspections to ensure that the plant was constructed according to the blueprints created by engineers.

20. His work involved walking along constructed process equipment to check connections, gauges, and voltage to ensure the construction matched the drawing.

21. When he identified a discrepancy between the construction and the drawings or a malfunctioning piece of equipment, Plaintiff created a punch list for future repairs.

22. Plaintiff commonly conducted these repairs himself.

23. The work of an Instrument Specialist and Instrument Technician involves a substantial amount of physical labor, including walking for miles a day in arduous conditions, crawling around pipe, climbing ladders, and transporting equipment. As well as personally performing repairs on the process equipment.

24. Instrument Specialists and Instrument Technicians commonly work in excess of 12 hours each day.

25. Plaintiff commonly worked more than 12 hours a day.

26. Plaintiff commonly worked at least six or seven days a week.

27. Instrument Specialists and Instrument Technicians usually work five to seven days each week.

28. Instrument Specialists and Instrument Technicians are paid an hourly rate for their labor and do not receive overtime for their work in excess of 40 hours per week.

29. Defendant paid Plaintiff an hourly rate but did not pay him overtime.

30. Like the rest of Defendant's Instrument Specialists and Instrument Technicians, Defendant paid Plaintiff straight time for overtime.

31. By way of example, if Plaintiff worked a 60 hour week, he would only be paid his hourly rate multiplied by 60 hours.

32. Plaintiff was an hourly paid employee.

33. No exemption in the FLSA law shelters Defendant from paying overtime to its Instrument Specialists and Instrument Technicians.

34. Instrument Specialists and Instrument Technicians do not supervise other employees or manage a customarily recognized department of Defendant's company.

35. Instrument Specialists and Instrument Technicians have no authority to hire or fire other employees.

36. Instrument Specialists and Instrument Technicians are field employees, not office employees. They perform work related to Defendant's core business, not the management of the company's operations.

37. Instrument Specialists and Instrument Technicians are called upon to perform repairs using hand tools and physical labor, much like blue collar construction workers.

38. The primary duty of an Instrument Specialist and Instrument Technician does not require independent judgment or discretion. Instead, Instrument Specialists and Instrument Technicians are required to carry out their inspections according to detailed step-by-step procedures promulgated by Defendant or Defendant's customers.

39. The FLSA's regulations even provide that the type of inspection work carried out by Instrument Specialists and Instrument Technicians is non-exempt work:

> Ordinary inspection work generally does not meet the duties requirements for the administrative exemption. Inspectors normally perform specialized work along standardized lines involving well-established techniques and procedures which may have been catalogued and described in manuals and other sources. Such inspectors rely on techniques and skills acquired by special training or experience. They have some leeway in the performance of their work but only within closely prescribed limits.

29 C.F.R. 541.203(g).

40. Instrument Specialists and Instrument Technicians are not computer-systems analysts, computer programmers, software engineers, or other similar employees.

41. Despite these facts, Defendant misclassified its Instrument Specialists and Instrument Technicians as exempt from overtime pay.

42. As a result of Defendant's pay policies, Plaintiff and other Instrument Specialists and Instrument Technicians were denied overtime pay.

43. All of Defendant's Instrument Specialists and Instrument Technicians are paid on an hourly basis without overtime.

44. Even if Defendant paid its Instrument Specialists and Instrument Technicians a salary, their duties would not satisfy any of the FLSA's exemptions.

45. All of Defendant's Instrument Specialists and Instrument Technicians perform the same general duties.

46. Defendant knew, or showed reckless disregard for whether Plaintiff and the other Instrument Specialist and Instrument Technician were entitled to overtime pay under the law.

47. Defendant and/or Defendant's predecessor company was sued for violating the FLSA in the past.

### COUNT ONE: VIOLATION OF 29 U.S.C. § 207

48. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

49. Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

50. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant, Plaintiff, or the FLSA Class Members.

### COLLECTIVE ACTION ALLEGATIONS

51. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

52. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's misclassification of its employees.

53. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant. Plaintiff personally worked with other Instrument Specialist and Instrument Technician under the same compensation structure for Defendant.

54. Defendant has employed over 50 other hourly rate paid Instrument Specialists and Instrument Technicians in the three years prior to the filing of this lawsuit that were, like Plaintiff, not paid any overtime.

55. Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States, but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

56. Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

57. Defendant misclassified and continues to misclassify FLSA Class Members as exempt employees.

58. FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt by Defendant.

59. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

60. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees and/or the denial of overtime pay.

61. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of any FLSA Class Member.

62. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of the FLSA Class Members.

63. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

64.   All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

65.   Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all FLSA Class Members.

66.   Defendant's conduct was willful and/or with reckless disregard of the FLSA.

67.   Defendant did not act in good faith.

68.   Defendant and/or its subsidiaries, parent companies, and/or affiliated companies have been sued for FLSA violations and imputed knowledge of the FLSA's overtime laws on Defendant yet Defendant intentionally disregarded the FLSA.

69.   As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and former Instrument Specialist and Instrument Technician, and all employees with substantially similar duties, who worked for Defendant at any time during the three-year period before the filing of this Complaint.

## **JURY DEMAND**

70.   Plaintiff demands trial by jury on all issues.

## **PRAYER**

71.   For these reasons, Plaintiff prays for:

   a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all Instrument Specialists/Instrument Technicians and all similarly situated employees to permit them to join this action by filing a written notice of consent;

8

b. A judgment against Defendant awarding Plaintiff and the FLSA Class Members all their unpaid overtime compensation and liquidated damages;

c. An order awarding attorneys' fees and costs;

d. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Beatriz Sosa-Morris*
Beatriz-Sosa Morris
SOSA-MORRIS NEUMAN, PLLC
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS

OF COUNSEL:
John Neuman
JNeuman@smnlawfirm.com
State Bar No. 24083560
SOSA-MORRIS NEUMAN, PLLC
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813